**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00048-CR
_____

**DARRELL WAYNE BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 22-40671

**MEMORANDUM OPINION**

A jury found Darrell Wayne Brown guilty of manslaughter, a second-degree felony. *See* Tex. Penal Code Ann. § 19.04. In his sole issue on appeal, appellant Darrell Wayne Brown complains that the trial court erred during the guilt-innocence phase of the trial by not submitting a lesser-included jury instruction on the offense of criminally negligent homicide for the jury to consider. *See id.* § 19.05. We affirm the trial court's judgment.

1

**Pertinent Procedural Background**

In September 2022, a grand jury indicted Brown for manslaughter. At Brown's trial, the jury charge did not contain an instruction on the lesser-included offense of criminally negligent homicide. Brown did not request an instruction on the lesser-included offense of criminally negligent homicide nor did he object to its exclusion from the charge. The jury found Brown guilty of manslaughter and assessed punishment at ten years of incarceration. Brown timely appealed.

**Analysis**

In his sole issue, Brown complains that the trial court erred by not submitting the lesser-included offense of criminally negligent homicide for the jury to consider during the guilt-innocence phase of the trial. The State argues there was no error because Brown did not ask the trial court to include a criminally negligent homicide instruction and did not object to its absence from the charge.

When reviewing alleged charge error, we determine whether error existed in the charge and, if so, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). "Only if we find error do we then consider whether an objection to the charge was made and analyze for harm." *Tottenham v. State*, 285 S.W.3d 19, 30 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (citations omitted). If charge error exists but the defendant

2

did not object to the alleged error at trial, we may reverse the judgment only if the error is so egregious that the defendant did not receive a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002). "Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (citation omitted). In assessing the degree of harm, we must consider the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record. *See id.*; *Almanza*, 686 S.W.2d at 171.

"But when the complained-of error is the lack of a defensive instruction, the *Almanza* framework does not apply[,]" and "unrequested defensive instructions are still subject to ordinary rules of procedural default." *Williams v. State*, 662 S.W.3d 452, 461 (Tex. Crim. App. 2021) (citing *Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998)); *see also Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010) (citations omitted) (collecting cases showing that a lesser-included offense instruction is a "defensive issue"). A trial court is required to submit instructions only on "the law applicable to the case[.]" Tex. Code Crim. Proc. Ann. art. 36.14. Whether to request an instruction on a lesser-included defense is frequently a

strategic decision made by the defense. *See Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). Therefore, in the absence of a request from the defense, an instruction regarding a lesser-included offense is not "the law applicable to the case," and article 36.14 imposes no duty on the trial court to provide such an instruction *sua sponte. Tolbert*, 306 S.W.3d at 781; *Williams*, 662 S.W.3d at 461. Article 36.14 provides guidance on preserving appellate review for exceptions or objections in a jury charge. *Williams*, 662 S.W.3d at 461. A defendant must "either present his objections in writing or dictate them to the court reporter[,] [and] [t]he objections may embody errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts." *Id*. (internal quotations and citations omitted). Charge error regarding a lesser-included offense will not be considered on appeal absent a request or objection by the defense. *See Chavez v. State*, 666 S.W.3d 772, 778 (Tex. Crim. App. 2023) (citing *Tolbert*, 306 S.W.3d at 781) (explaining a trial court's duty to submit lesser-included offense instruction "upon request").

Criminally negligent homicide is a lesser-included offense of manslaughter. *Stadt v. State*, 182 S.W.3d 360, 364 (Tex. Crim. App. 2005). We conclude the trial court did not err by failing to *sua sponte* submit a criminally negligent homicide instruction during the guilt-innocence phase because Brown did not request an

4

instruction or object to its absence. *See Posey*, 966 S.W.2d at 62. Since no error exists, we need not analyze for harm. *See Tolbert*, 306 S.W.3d at 782. We overrule Brown's sole issue and affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on October 15, 2024
Opinion Delivered February 19, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.